COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-109-CV

 

 

TRACY LYNN LIBBY ASKEW                                                 APPELLANT

 

                                                   V.

 

KEVIN TODD ASKEW                                                              APPELLEE

 

                                              ------------

 

           FROM
THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.                   
Introduction.








            This is an appeal from a divorce involving custody of a
minor child.  In four issues, Appellant
Tracy Lynn Libby Askew (1) challenges the legal sufficiency of the evidence to
support the trial court=s
appointment of Appellee Kevin Todd Askew as the sole managing conservator of
their minor child, (2) argues that the trial court abused its discretion by
failing to grant a new trial based on newly discovered evidence, (3) challenges
the legal and factual sufficiency of the evidence to support the trial court=s division of community property, and
(4) argues that the alleged failure of the child=s
guardian ad litem to perform her duties is reversible error.  We affirm.

II.                
Procedural and
factual background.

            Tracy and Kevin married in 1995.  Tracy gave birth to a son, E. A., in
1997.  Tracy and Kevin separated in 1999,
and Kevin sued for divorce soon after. 

While the divorce was pending, Tracy repeatedly
alleged that Kevin sexually abused E. A. and alleged that Kevin=s paramour physically abused E. A.  The investigating police department and Child
Protective Services dismissed the allegations as unfounded.  These allegations lie at the core of Tracy=s appeal, and we will discuss them in
more detail under her first issue.

After a four-day trial, the trial court appointed
Kevin as E. A.=s sole
managing conservator and divided the community=s
interest in a closely-held corporation by awarding the corporate stock to Kevin
and $7,500 to Tracy.








Tracy moved for a new trial based on newly
discovered evidence.  The Anewly discovered@
evidence was Tracy=s
allegation that Kevin is not E. A.=s
biological father.  Tracy claimed she Asuppressed@
this information before and during trial to prevent her mother from learning
the truth about E. A.=s
paternity.  The trial court overruled her
motion.  This appeal followed.

III.              
Discussion.

            a)         Appointment of Kevin as sole managing conservator.

            In
her first issue, Tracy challenges the legal and factual sufficiency of the
evidence to support the trial court=s
judgment appointing Kevin as E.A=s
sole managing conservator.  In
particular, Tracy argues that the evidence is insufficient to rebut the
presumptions (1) that appointment of both parents as joint managing
conservators is in the best interest of the child and (2) that unsupervised
visitation is not in the best interest of the child if credible evidence
shows a pattern of child neglect or physical or sexual abuse. 

The best interest of the
child shall always be the court=s primary consideration in determining the issues of conservatorship,
possession, and access to the child.  In
re J.E.P., 49 S.W.3d 380, 386 (Tex. App.CFort Worth 2000, no pet.). 
Generally, the trial court is given wide latitude in determining the
best interest of a minor child, and its judgment will not be disturbed on
appeal unless the record as a whole shows that the trial court abused its
discretion.  Id.








In our review of a child
custody ruling under an abuse of discretion standard, legal and factual
sufficiency are not independent grounds of error, but are relevant factors in
deciding whether the trial court abused its discretion.   In re T.D.C., 91 S.W.3d 865, 872 (Tex.
App.CFort Worth 2002, pet. denied) (op. on reh=g).  In determining whether
there has been an abuse of discretion because the evidence is legally or
factually insufficient to support the trial court=s decision, we engage in a two-pronged inquiry:  (1) Did the trial court have sufficient
information upon which to exercise its discretion; and (2) did the trial court
err in its application of discretion?  Id.;
see Lindsey v. Lindsey, 965 S.W.2d 589, 592 (Tex. App.CEl Paso 1998, no pet.).  The
traditional legal sufficiency review comes into play with regard to the first
question.  Lindsey, 965 S.W.2d at
592. We then proceed to determine whether, based on the elicited evidence, the
trial court made a reasonable decision.  Id.

No findings of fact or
conclusions of law were filed in this case; 
therefore, the trial court=s judgment implies all findings of fact necessary to support it.  Pharo v. Chambers County, 922 S.W.2d
945, 948 (Tex. 1996).  But where, as
here, a reporter=s record is
filed, these implied findings are not conclusive.  BMC Software Belg., N.V. v. Marchand,
83 S.W.3d 789, 795 (Tex. 2002).








In
determining a legal insufficiency or Ano evidence@
issue, we are to consider only the evidence and inferences that tend to support
the finding of the disputed fact and disregard all evidence and inferences to
the contrary.  Bradford v. Vento, 48
S.W.3d 749, 754 (Tex. 2001); Cont=l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996);
In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is
legally sufficient to support the finding. 
Cont=l Coffee, 937 S.W.2d at 450; Leitch v.
Hornsby, 935 S.W.2d 114, 118 (Tex. 1996). 
More than a scintilla of evidence exists if the evidence furnishes some
reasonable basis for differing conclusions by reasonable minds about the
existence of a vital fact.  Rocor Int=l,
Inc. v. Nat=l Union Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).

An assertion that the
evidence is factually Ainsufficient@ to support a fact finding means that the evidence supporting the
finding is so weak or the evidence to the contrary is so overwhelming that the
answer should be set aside and a new trial ordered.  Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965).  We are required to consider
all of the evidence in the case in making this determination, not just the
evidence that supports the finding.  Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.), cert. denied,
525 U.S. 1017 (1998).








To determine whether a trial
court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles; in other words, whether
the act was arbitrary or unreasonable.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986).  Merely
because a trial court may decide a matter within its discretion in a different
manner than an appellate court would in a similar circumstance does not
demonstrate that an abuse of discretion has occurred.  Id.

An abuse of discretion does
not occur where the trial court bases its decisions on conflicting
evidence.  Davis v. Huey, 571
S.W.2d 859, 862 (Tex. 1978); see also Goode v. Shoukfeh, 943 S.W.2d 441,
446 (Tex. 1997).  Furthermore, an abuse
of discretion does not occur as long as some evidence of substantive and
probative character exists to support the trial court=s decision.  Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).








Section
153.131(b) of the family code provides that A[i]t is a rebuttable presumption that
the appointment of the parents of a child as joint managing conservators is in
the best interest of the child.@ 
Tex. Fam. Code Ann. '
153.131(b) (Vernon 2002).  Section
153.004(e) provides that A[i]t is a rebuttable presumption that
it is not in the best interest of a child for a parent to have unsupervised
visitation with the child if credible evidence is presented of a history or
pattern of past or present child neglect or physical or sexual abuse by that
parent directed against the other parent, a spouse, or a child.@  Id. ' 153.004(e) (Vernon Supp.
2004-05).  Tracy aims her sufficiency
challenges at the alleged lack of evidence to rebut these presumptions; thus,
we will conduct our sufficiency reviews with these presumptions in mind.

Much of
the testimony at the four-day trial concerned allegations of physical and
sexual abuse committed against E. A.  The
record reflects that Tracy alleged that Kevin=s paramour, Lee, burned E. A. with a
cigarette and alleged on three occasions that Kevin sexually molested E.
A.  Kevin denied the allegations. 

Grand
Prairie police detective David Griesinger testified that he investigated the
alleged burn injury and the three reports of sexual abuse.  With regard to the burn injury, Detective
Griesinger declined to press charges after Kevin and Lee submitted to polygraph
tests.  With regard to the first sexual
abuse report, Griesinger testified that Kevin submitted to and passed another
polygraph test.  Kevin submitted to and
passed yet another polygraph test with respect to the second sexual abuse
report.  The third and final report of
sexual abuse involved the same incident as the second report.  Detective Griesinger stated that he had ruled
out all four abuse allegations.  His
decision not to file charges was not based solely on the polygraph results; he
also interviewed or corresponded with several witnesses. 








Amanda
Welch, an investigator with Child Protective Services of Parker County,
testified that CPS investigated the burn allegation and ruled it out as
unfounded.  Welch investigated the sexual
abuse allegations and ruled those out, too. 

Michelle
Taylor, a Family Court Services case worker, interviewed E. A. a week and a
half before trial.  She testified that
when she first interviewed E. A. on a Saturday, E. A. denied that he had been
burned or sexually abused; but when she interviewed him again the next Monday
after E. A. had spent Sunday with Tracy and her mother, E. A. reasserted the
burn and sexual abuse allegations because Ahis mother and grandmother . . . got .
. . really mad at him.@ Taylor believed E. A. was telling the
truth on Saturday.  E. A. also told
Taylor that he had told Tracy that the blister on his hand was from a
sunflower, but Tracy did not believe him and said he had been burned.  In Taylor=s opinion, Kevin did not sexually abuse
E. A. 

E. A.=s
guardian ad litem recommended that the trial court appoint Kevin as E. A.=s
sole managing conservator and testified at some length about the reasons for
her recommendation.[2]


We hold that there was
legally and factually sufficient evidence upon which the trial court could
exercise its discretion in appointing Kevin as sole managing conservator.  We further hold that the evidence was legally
and factually sufficient to rebut the presumptions found in sections 153.131(b) and 








153.004(e) of the family code.  See Tex. Fam. Code '' 151.131(b), 153.004(e).  It is
also legally and factually sufficient to support the conclusion that there was
no credible evidence of sexual or physical abuse, thus avoiding the section
153.004(e) presumption altogether.  See
id. ' 153.004(e).  Accordingly,
the trial court did not abuse its discretion by appointing Kevin as E. A.=s sole managing conservator.

We overrule Tracy=s first issue.

A.                
Failure to
grant a new trial based on newly discovered evidence.

            In her second issue, Tracy argues that the trial court
erred by failing to grant a new trial based on newly discovered evidence.  The Anewly
discovered evidence@ is Tracy=s assertion that Kevin was not E. A.=s biological father.  Tracy claims that she knew Kevin was not E.
A.=s father but Asuppressed
the information@ to keep
from being Ascorned
and exiled@ by her
own family. 

A party moving for a new trial on the basis of newly
discovered evidence has the burden of establishing the following elements:

1.         Admissible, competent evidence must be introduced on the
hearing of the motion for new trial showing the existence of the newly
discovered evidence relied upon; 

 

2.         The moving party must show he or she had no notice of the
existence of such evidence prior to the time of trial;

 

3.         The moving party must show that due diligence had been used
to procure the evidence prior to trial;

 








4.         The moving party must show that the evidence is not merely
cumulative to that already given and does not tend only to impeach the
testimony of the adversary; [and]

 

5.         The moving party must show that the evidence would probably
produce a different result if a new trial were granted.

 

Dankowski v. Dankowski, 922 S.W.2d 298, 305 (Tex. App.CFort Worth 1996, writ denied).  Whether to grant a new trial based on newly
discovered evidence is within the sound discretion of the trial court.  Jackson v. Van Winkle, 660 S.W.2d 807,
809 (Tex. 1983).  The trial court=s ruling on such a motion will not be
disturbed on appeal unless an abuse of discretion occurred.  Id.

In the affidavit attached to her motion for new
trial, Tracy claims that she told her prior lawyer (not her trial lawyer) that
Kevin was not E. A.=s
biological father but her lawyer told her that fact was irrelevant.  She claims she then Asuppressed@ the information because she did not
want her mother to know that Kevin was not E. A.=s
father.  She did not disclose the
information to her trial lawyer until after trial. 

Tracy=s
own affidavit conclusively negates the first and second elements of the Dankowski
test.  If she told her first lawyer that
Kevin was not E. A.=s
biological father, then she obviously had notice of the alleged fact before
trial, and in no sense could the evidence be deemed Anewly
discovered.@








Tacitly acknowledging this problem, Tracy argues
that Ain
matters relating to child custody, it can be error to refuse to grant a motion
for new trial, even though the evidence is not newly discovered, where there is
an extreme case and the evidence is sufficiently strong,@
relying for this proposition on In re C.B.M., 14 S.W.3d 855, 861 (Tex.
App.CBeaumont
2000, no pet.) (citing  C. v. C., 534
S.W.2d 359, 361‑62 (Tex. Civ. App.CDallas
1976, writ dism=d)).  In the next sentence of its opinion, the C.B.M.
court wrote:

However,
no abuse of discretion is shown unless the evidence presented in support of the
motion, and not offered at the original trial, strongly shows that the original
custody order would have a seriously adverse effect on the interest and welfare
of the children, and that presentation of such evidence at another trial would
probably change the result.

 

Id.  As
justification for this more lenient new-trial standard in child custody cases,
the C. v. C. court noted that 

[i]n
such cases the children are the primary parties in interest, and they are
rarely represented by counsel.  Counsel
for the contending parents cannot always be relied upon to protect the
interests of the children because the parents often attempt to promote their
own interests and vindicate their own asserted rights rather than to protect
the children=s
interests.

 








C. v. C., 534 S.W.2d at 361.  That justification is not present in our case
because E. A.=s
interest was represented by the guardian ad litem appointed by the trial
court.  As we noted in our analysis of
Tracy=s first
issue, the guardian ad litem recommended that the trial court appoint Kevin as
E. A.=s sole
managing conservator.  Tracy presented no
evidence in connection with her motion for new trial to suggest that the
guardian ad litem=s
recommendation would change based on the revelation that Kevin is not E. A.=s biological father.[3]  Nor does Tracy explain how this revelation
would Aprobably
change@ the
trial court=s
decision to appoint Kevin as sole managing conservator.  Where, as here, a case is tried to the bench,
the trial judge is in an excellent position to determine whether the evidence
in question would probably change the outcome of the trial.

We hold that the trial court did not abuse its
discretion in overruling Tracy=s
motion for new trial based on newly discovered evidence.  We overrule Tracy=s
second issue.

B.                
Division of
community property.

            In her third issue, Tracy argues that the evidence is
legally and factually insufficient to support the trial court=s division of the parties= community property, namely, the stock
in Kevin=s
physical therapy practice.  We review the
trial court=s
valuation and division of community property under the two-prong standard we
recited under Tracy=s first
issue.  See Sandone v. Miller‑Sandone,
116 S.W.3d 204, 206 (Tex. App.CEl
Paso 2003, no pet.).








Kevin is employed as a licensed occupational
therapist with Rehab Connections, Inc. 
The community owned 50 percent of the company, 500 shares of stock with
a par value of one dollar per share. 
Kevin testified that there was no way to value the stock besides its par
value and that the stock was otherwise worthless and unsaleable.  He testified that he thought an award to
Tracy of $5,000 would fairly compensate her for her share of the community
stock.

Charles Spitzer, a certified public accountant and
the accountant for Rehab Connections, testified that he placed a value of
$10,000 on the company in early 2001 and that he did not expect the value to
have changed much between 2001 and the time of trial.  He testified that the value of the company
was limited by the fact that 90 percent of its business was referred by a
single doctor.  Spitzer admitted under
cross-examination that he had performed only one other valuation in his career.









Ronald Blumka, a CPA retained by Tracy, testified
that the business had a value in the range between $380,000 and $500,000.  Blumka based his valuation on the company=s earnings and cash flow.  Blumka testified that he  could not place a value on the company=s goodwill.  He also testified that the lack of
noncompetition agreements between the company and its employees would affect
the value of the company, and he would advise a potential purchaser not to buy
the business without noncompetition agreements. 
Blumka did not have an opinion as to the value of the stock itself. 

The trial court awarded the Rehab Connections
stock to Kevin and awarded $7,500 to Tracy as Apayment
for the community interest in the 2
ownership of Rehab Connections, Inc. and reimbursement for capital improvements
made to Mr. Askew=s
separate property.@[4]


The main thrust of Tracy=s
argument under this issue is that Spitzer was unqualified to render an opinion
on valuation and that his methodology was flawed.  Objections to testimony,
including the qualifications of experts and the reliability of their theories
and methodology, must be raised at the trial court level, and failure to do so
waives any error on those grounds.  Tex. R. App. P. 33.1(a); Guadalupe‑Blanco
River Auth. v. Kraft, 77 S.W.3d 805, 807 (Tex. 2002).  We have reviewed the clerk=s record and the reporter=s record.  We do not find, and
Tracy does not point us to, any objection to Spitzer=s qualifications or methodology. 
Thus, Tracy waived any such objections.








In light of the testimony
summarized above, we hold that the trial court 
had legally and factually sufficient information on which to exercise
its discretion.  We further hold that the
trial court did not abuse its discretion in awarding the Rehab Connections
stock to Kevin and $7,500 to Tracy.  We
overrule Tracy=s third
issue.

C.                
Guardian ad
litem.

            In her fourth and final issue, Tracy argues that the
guardian ad litem=s Aineffective representation of the child
caused reversible error.@  Specifically, Tracy claims that the guardian
ad litem failed to interview various outcry witnesses, smoked cigarettes in E.
A.=s presence after E. A. was diagnosed
with bronchial asthma, exhibited hostility when cross-examining Tracy and other
witnesses at trial while failing to cross-examine Kevin at all,  was biased in favor of Kevin and his
attorney, and had an apparent conflict of interest.  (Tracy does not explain the nature or source
of the alleged conflict of interest). 








Tracy cites no authority for the proposition that
a guardian ad litem=s conduct
can be reversible error, and our own research finds none.  The quality of the guardian ad litem=s investigation and representation at
trial has more to do with the reliability and credibility of her recommendation
to the trial court than the propriety of the trial court=s
judgment.  The trier of fact is the sole
judge of the credibility of witnesses and the weight to be given to their
testimony.  Golden Eagle Archery, Inc.
v. Jackson, 116 S.W.3d 757, 773 (Tex. 2003).  Tracy made the same allegations against the
guardian ad litem in her Amotion
to remove guardian ad litem@
a few weeks before trial and extensively cross-examined the guardian ad litem
at trial about her investigation and recommendation.  The trial court was aware of Tracy=s complaints about the guardian ad
litem, and we will assume the trial court took those complaints into
consideration in rendering its judgment.

We overrule Tracy=s
fourth issue.

D.                
Tracy=s motion to strike.

            In addition to her brief, Tracy filed a motion to strike
portions of Kevin=s brief
and for sanctions against Kevin and his attorney.  Kevin attached to his brief documents that
are not part of the record on appeal and made reference to those documents in
his statement of facts. 

We cannot consider documents attached to an
appellate brief that do not appear in the record.  Till v. Thomas, 10 S.W.3d 730, 733
(Tex. App.CHouston
[1st Dist.] 1999, no pet.).  This court
must hear and determine a case based on the record as filed and may not
consider documents attached as exhibits to briefs.  Id.

Because the documents attached to Kevin=s brief are not part of the record, we
have not considered them for any purpose and neither they nor his references to
them in his brief play any part in our resolution of this appeal.  Nonetheless, we deny Tracy=s motion to strike and for sanctions.

 








E.                 
Tracy=s motion to recuse trial judge.

        After this case was submitted, Tracy
filed a motion pro se to recuse the trial court judge from further proceedings
in the trial court.  The clerk=s record reflects that Tracy filed a motion to recuse in the trial
court after the trial court signed the final decree of divorce.  Her motion was heard and denied by the
presiding judge of the Eighth Administrative Judicial Region on August 18, 2004Csix months before Tracy filed her brief in this appeal.  When a motion to recuse a trial judge is
denied, it may be reviewed for abuse of discretion on appeal from the final
judgment.  Tex. R. Civ. P. 18a(f). 
We will liberally construe her motion as a request to review the denial
of her motion to recuse; neither the rules of civil procedure nor the rules of
appellate procedure suggest that we may recuse a trial judge on a motion filed
in this court.

Tracy could have but did not
identify the denial of her motion to recuse as an issue in her appeal from the
trial court=s final
decree of divorce; nor did she brief the issue. 
See Tex. R. App. P.
38.1(e), (h).  We hold that she has
waived her complaint.  See Shelton v.
Sargent, 144 S.W.3d 113, 119 (Tex. App.CFort Worth 2004, pet. denied) (holding point may be waived because of
inadequate briefing).  Accordingly, we
deny her motion to recuse.

 

 








IV.             
Conclusion

            Having
overruled Tracy=s four
issues, denied her motions to strike, for sanctions, and to recuse, we affirm
the judgment of the trial court.  See Tex. R. App. P. 43.2(a).

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DELIVERED:  October 6, 2005











[1]See Tex. R. App. P. 47.4.





[2]One
of Tracy=s
issues on appeal contends that the guardian ad litem failed to discharge her
duty to E. A.; we discuss that issue later in this opinion.





[3]In
fact, the record suggests the very opposite. 
E. A.=s
guardian ad litem filed a response to Tracy=s motion for new trial in
which she alleged that Tracy told her and others before trial that Kevin was
not E. A.=s
biological father. 





[4]The
trial court ordered Kevin to pay the $7,500 to the guardian ad litem for Tracy=s
share of the guardian ad litem=s fee.