ASKEW V. ASKEW

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-109-CV

TRACY LYNN LIBBY ASKEW APPELLANT

V.

KEVIN TODD ASKEW APPELLEE

------------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction.

This is an appeal from a divorce involving custody of a minor child.  In four issues, Appellant Tracy Lynn Libby Askew (1) challenges the legal sufficiency of the evidence to support the trial court’s appointment of Appellee Kevin Todd Askew as the sole managing conservator of their minor child, (2) argues that the trial court abused its discretion by failing to grant a new trial based on newly discovered evidence, (3) challenges the legal and factual sufficiency of the evidence to support the trial court’s division of community property, and (4) argues that the alleged failure of the child’s guardian ad litem to perform her duties is reversible error.  We affirm.

Procedural and factual background.

Tracy and Kevin married in 1995.  Tracy gave birth to a son, E. A., in 1997.  Tracy and Kevin separated in 1999, and Kevin sued for divorce soon after. 

While the divorce was pending, Tracy repeatedly alleged that Kevin sexually abused E. A. and alleged that Kevin’s paramour physically abused E. A.  The investigating police department and Child Protective Services dismissed the allegations as unfounded.  These allegations lie at the core of Tracy’s appeal, and we will discuss them in more detail under her first issue.

After a four-day trial, the trial court appointed Kevin as E. A.’s sole managing conservator and divided the community’s interest in a closely-held corporation by awarding the corporate stock to Kevin and $7,500 to Tracy.

Tracy moved for a new trial based on newly discovered evidence.  The “newly discovered” evidence was Tracy’s allegation that Kevin is not E. A.’s biological father.  Tracy claimed she “suppressed” this information before and during trial to prevent her mother from learning the truth about E. A.’s paternity.  The trial court overruled her motion.  This appeal followed.

Discussion.

Appointment of Kevin as sole managing conservator.

In her first issue, Tracy challenges the legal and factual sufficiency of the evidence to support the trial court’s judgment appointing Kevin as E.A’s sole managing conservator.  In particular, Tracy argues that the evidence is insufficient to rebut the presumptions (1) that appointment of both parents as joint managing conservators is in the best interest of the child and (2) that unsupervised visitation is 
not
 in the best interest of the child if credible evidence shows a pattern of child neglect or physical or sexual abuse. 

The best interest of the child shall always be the court’s primary consideration in determining the issues of conservatorship, possession, and access to the child.  
In re J.E.P.,
 49 S.W.3d 380, 386 (Tex. App.—Fort Worth 2000, no pet.).  Generally, the trial court is given wide latitude in determining the best interest of a minor child, and its judgment will not be disturbed on appeal unless the record as a whole shows that the trial court abused its discretion.  
Id.

In our review of a child custody ruling under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error, but are relevant factors in deciding whether the trial court abused its discretion.   
In re T.D.C.
, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied) (op. on reh’g).  In determining whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court’s decision, we engage in a two-pronged inquiry:  (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) did the trial court err in its application of discretion?  
Id.; see Lindsey v. Lindsey
, 965 S.W.2d 589, 592 (Tex. App.—El Paso 1998, no pet.).  The traditional legal sufficiency review comes into play with regard to the first question.  
Lindsey
, 965 S.W.2d at 592. We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision.  
Id.

No findings of fact or conclusions of law were filed in this case;  therefore, the trial court’s judgment implies all findings of fact necessary to support it.  
Pharo v. Chambers County
, 922 S.W.2d 945, 948 (Tex. 1996).  But where, as here, a reporter’s record is filed, these implied findings are not conclusive.  
BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 795 (Tex. 2002).

In determining a legal insufficiency or “no evidence” issue, we are to consider only the evidence and inferences that tend to support the finding of the disputed fact and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez
, 937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cont’l Coffee
, 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

An assertion that the evidence is factually “insufficient” to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id
.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.  
Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978); 
see also Goode v. Shoukfeh
, 943 S.W.2d 441, 446 (Tex. 1997).  Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.  
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 211 (Tex. 2002).

Section 153.131(b) of the family code provides that “[i]t is a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child.”  
Tex. Fam. Code Ann.
 § 153.131(b) (Vernon 2002).  Section 153.004(e) provides that “[i]t is a rebuttable presumption that it is not in the best interest of a child for a parent to have unsupervised visitation with the child if credible evidence is presented of a history or pattern of past or present child neglect or physical or sexual abuse by that parent directed against the other parent, a spouse, or a child.”  
Id.
 § 153.004(e) (Vernon Supp. 2004-05).  Tracy aims her sufficiency challenges at the alleged lack of evidence to rebut these presumptions; thus, we will conduct our sufficiency reviews with these presumptions in mind.

Much of the testimony at the four-day trial concerned allegations of physical and sexual abuse committed against E. A.  The record reflects that Tracy alleged that Kevin’s paramour, Lee, burned E. A. with a cigarette 
and alleged on three occasions that Kevin sexually molested E. A.  Kevin denied the allegations. 

Grand Prairie police detective David Griesinger testified that he investigated the alleged burn injury and the three reports of sexual abuse.  With regard to the burn injury
, Detective Griesinger declined to press charges after
 Kevin and Lee submitted to polygraph tests
.  With regard to the first sexual abuse report, Griesinger testified that Kevin submitted to and passed another polygraph test. 
 Kevin submitted to and passed yet another polygraph test with respect to the second sexual abuse report.  The third and final report of sexual abuse involved the same incident as the second report.  Detective Griesinger stated that he had ruled out all four abuse allegations.  His decision not to file charges was not based solely on the polygraph results; he also interviewed or corresponded with several witnesses. 

Amanda Welch, an investigator with Child Protective Services of Parker County, testified that CPS investigated the burn allegation and ruled it out as unfounded.  
Welch investigated the sexual abuse allegations and ruled those out, too. 

Michelle Taylor, a Family Court Services case worker, interviewed E. A. a week and a half before trial.  She testified that when she first interviewed E. A. on a Saturday, E. A. denied that he had been burned or sexually abused
; but when she interviewed him again the next Monday after E. A. had spent Sunday with Tracy and her mother, E. A. reasserted the burn and sexual abuse allegations because “his mother and grandmother . . . got . . . really mad at him.” Taylor believed E. A. was telling the truth on Saturday.  E. A. also told Taylor that he had told Tracy that the blister on his hand was from a sunflower, but Tracy did not believe him and said he had been burned.  In Taylor’s opinion, Kevin did not sexually abuse E. A. 

E. A.’s guardian ad litem recommended that the trial court appoint Kevin as E. A.’s sole managing conservator and testified at some length about the reasons for her recommendation.
(footnote: 2) 

We hold that there was legally and factually sufficient evidence upon which the trial court could exercise its discretion in appointing Kevin as sole managing conservator.  We further hold that the evidence was legally and factually sufficient to rebut the presumptions found in sections 
153.131(b) 
and 

153.004(e) 
of the family code.  
See
 
Tex. Fam. Code 
§§ 151.131(b), 153.004(e)
.  It is also legally and factually sufficient to support the conclusion that there was no credible evidence of sexual or physical abuse, thus avoiding the section 153.004(e) presumption altogether.  
See id. § 
153.004(e)
. 
 Accordingly, the trial court did not abuse its discretion by appointing Kevin as E. A.’s sole managing conservator.

We overrule Tracy’s first issue.

Failure to grant a new trial based on newly discovered evidence.

In her second issue, Tracy argues that the trial court erred by failing to grant a new trial based on newly discovered evidence.  The “newly discovered evidence” is Tracy’s assertion that Kevin was not E. A.’s biological father.  Tracy claims that she knew Kevin was not E. A.’s father but “suppressed the information” to keep from being “scorned and exiled” by her own family. 

A party moving for a new trial on the basis of newly discovered evidence has the burden of establishing the following elements:

1. Admissible, competent evidence must be introduced on the hearing of the motion for new trial showing the existence of the newly discovered evidence relied upon; 

2. The moving party must show he or she had no notice of the existence of such evidence prior to the time of trial;

3. The moving party must show that due diligence had been used to procure the evidence prior to trial;

4. The moving party must show that the evidence is not merely cumulative to that already given and does not tend only to impeach the testimony of the adversary; [and]

 

5. The moving party must show that the evidence would probably produce a different result if a new trial were granted.

Dankowski v. Dankowski
, 922 S.W.2d 298, 305 (Tex. App.—Fort Worth 1996, writ denied).  Whether to grant a new trial based on newly discovered evidence is within the sound discretion of the trial court.  
Jackson v. Van Winkle
, 660 S.W.2d 807, 809 (Tex. 1983).  The trial court’s ruling on such a motion will not be disturbed on appeal unless an abuse of discretion occurred.  
Id
.

In the affidavit attached to her motion for new trial, Tracy claims that she told her prior lawyer (not her trial lawyer) that Kevin was not E. A.’s biological father but her lawyer told her that fact was irrelevant.  She claims she then “suppressed” the information because she did not want her mother to know that Kevin was not E. A.’s father.  She did not disclose the information to her trial lawyer until after trial. 

Tracy’s own affidavit conclusively negates the first and second elements of the 
Dankowski
 test.  If she told her first lawyer that Kevin was not E. A.’s biological father, then she obviously had notice of the alleged fact before trial, and in no sense could the evidence be deemed “newly discovered.”

Tacitly acknowledging this problem, Tracy argues that “in matters relating to child custody, it can be error to refuse to grant a motion for new trial, even though the evidence is not newly discovered, where there is an extreme case and the evidence is sufficiently strong,” relying for this proposition on
 In re C.B.M.
, 14 S.W.3d 855, 861 (Tex. App.—Beaumont 2000, no pet.) (
citing  C. v. C., 
534 S.W.2d 359, 361-62 (Tex. Civ. App.—Dallas 1976, writ dism’d))
.  
In the next sentence of its opinion, the 
C.B.M.
 court wrote:

However, no abuse of discretion is shown unless the evidence presented in support of the motion, and not offered at the original trial, strongly shows that the original custody order would have a seriously adverse effect on the interest and welfare of the children, and that presentation of such evidence at another trial would probably change the result.

Id.
  As justification for this more lenient new-trial standard in child custody cases, the 
C. v. C.
 court noted that 

[i]n such cases the children are the primary parties in interest, and they are rarely represented by counsel.  Counsel for the contending parents cannot always be relied upon to protect the interests of the children because the parents often attempt to promote their own interests and vindicate their own asserted rights rather than to protect the children’s interests.

C. v. C., 
534 S.W.2d at 361.  That justification is not present in our case because E. A.’s interest was represented by the guardian ad litem appointed by the trial court.  As we noted in our analysis of Tracy’s first issue, the guardian ad litem recommended that the trial court appoint Kevin as E. A.’s sole managing conservator.  Tracy presented no evidence in connection with her motion for new trial to suggest that the guardian ad litem’s recommendation would change based on the revelation that Kevin is not E. A.’s biological father.
(footnote: 3)  Nor does Tracy explain how this revelation would “probably change” the trial court’s decision to appoint Kevin as sole managing conservator.  Where, as here, a case is tried to the bench, the trial judge is in an excellent position to determine whether the evidence in question would probably change the outcome of the trial.

We hold that the trial court did not abuse its discretion in overruling Tracy’s motion for new trial based on newly discovered evidence.  We overrule Tracy’s second issue.

Division of community property.

In her third issue, Tracy argues that the evidence is legally and factually insufficient to support the trial court’s division of the parties’ community property, namely, the stock in Kevin’s physical therapy practice.  We review the trial court’s valuation and division of community property under the two-prong standard we recited under Tracy’s first issue.  
See Sandone v. Miller-Sandone
, 116 S.W.3d 204, 206 (Tex. App.—El Paso 2003, no pet.).

Kevin is employed as a licensed occupational therapist with Rehab Connections, Inc.  The community owned 50 percent of the company, 500 shares of stock with a par value of one dollar per share.  Kevin testified that there was no way to value the stock besides its par value and that the stock was otherwise worthless and unsaleable.  He testified that he thought an award to Tracy of $5,000 would fairly compensate her for her share of the community stock.

Charles Spitzer, a certified public accountant and the accountant for Rehab Connections, testified that he placed a value of $10,000 on the company in early 2001 and that he did not expect the value to have changed much between 2001 and the time of trial.  He testified that the value of the company was limited by the fact that 90 percent of its business was referred by a single doctor.  Spitzer admitted under cross-examination that he had performed only one other valuation in his career. 

Ronald Blumka, a CPA retained by Tracy, testified that the business had a value in the range between $380,000 and $500,000.  Blumka based his valuation on the company’s earnings and cash flow.  Blumka testified that he  could not place a value on the company’s goodwill.  He also testified that the lack of noncompetition agreements between the company and its employees would affect the value of the company, and he would advise a potential purchaser not to buy the business without noncompetition agreements.  Blumka did not have an opinion as to the value of the stock itself. 

The trial court awarded the Rehab Connections stock to Kevin and awarded $7,500 to Tracy as “payment for the community interest in the ½ ownership of Rehab Connections, Inc. and reimbursement for capital improvements made to Mr. Askew’s separate property.”
(footnote: 4) 

The main thrust of Tracy’s argument under this issue is that Spitzer was unqualified to render an opinion on valuation and that his methodology was flawed.  
Objections to testimony, including the qualifications of experts and the reliability of their theories and methodology, must be raised at the trial court level, and failure to do so waives any error on those grounds.  
Tex. R. App. P.
 33.1(a); 
Guadalupe-Blanco River Auth. v. Kraft
, 77 S.W.3d 805, 807 (Tex. 2002).  We have reviewed the clerk’s record and the reporter’s record.  We do not find, and Tracy does not point us to, any objection to Spitzer’s qualifications or methodology.  Thus, Tracy waived any such objections.

In light of the testimony summarized above, we hold that the trial court  had legally and factually sufficient information on which to exercise 
its discretion.  We further hold that the trial court did not abuse its discretion in awarding the Rehab Connections stock to Kevin and $7,500 to Tracy.  We overrule Tracy’s third issue.

Guardian ad litem.

In her fourth and final issue, Tracy argues that the guardian ad litem’s “ineffective representation of the child caused reversible error.”  Specifically, Tracy claims that the guardian ad litem failed to interview various outcry witnesses, smoked cigarettes in E. A.’s presence after E. A. was diagnosed with bronchial asthma, exhibited hostility when cross-examining Tracy and other witnesses at trial while failing to cross-examine Kevin at all,  was biased in favor of Kevin and his attorney, and had an apparent conflict of interest.  (Tracy does not explain the nature or source of the alleged conflict of interest). 

Tracy cites no authority for the proposition that a guardian ad litem’s conduct can be reversible error, and our own research finds none.  The quality of the guardian ad litem’s investigation and representation at trial has more to do with the reliability and credibility of her recommendation to the trial court than the propriety of the trial court’s judgment.  The trier of fact is the sole judge of the credibility of witnesses and the weight to be given to their testimony.  
Golden Eagle Archery, Inc. v. Jackson
, 116 S.W.3d 757, 773 (Tex. 2003).  Tracy made the same allegations against the guardian ad litem in her “motion to remove guardian ad litem” a few weeks before trial and extensively cross-examined the guardian ad litem at trial about her investigation and recommendation.  The trial court was aware of Tracy’s complaints about the guardian ad litem, and we will assume the trial court took those complaints into consideration in rendering its judgment.

We overrule Tracy’s fourth issue.

Tracy’s motion to strike.

In addition to her brief, Tracy filed a motion to strike portions of Kevin’s brief and for sanctions against Kevin and his attorney.  Kevin attached to his brief documents that are not part of the record on appeal and made reference to those documents in his statement of facts. 

We cannot consider documents attached to an appellate brief that do not appear in the record.  
Till v. Thomas
, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  This court must hear and determine a case based on the record as filed and may not consider documents attached as exhibits to briefs.  
Id.

Because the documents attached to Kevin’s brief are not part of the record, we have not considered them for any purpose and neither they nor his references to them in his brief play any part in our resolution of this appeal.  Nonetheless, we deny Tracy’s motion to strike and for sanctions.

Tracy’s motion to recuse trial judge.

After this case was submitted, Tracy filed a motion pro se to recuse the trial court judge from further proceedings in the trial court.  The clerk’s record reflects that Tracy filed a motion to recuse in the trial court after the trial court signed the final decree of divorce.  Her motion was heard and denied by the presiding judge of the Eighth Administrative Judicial Region on August 18, 2004—six months before Tracy filed her brief in this appeal. 
 When a motion to recuse a trial judge is denied, it may be reviewed for abuse of discretion on appeal from the final judgment.  
Tex. R. Civ. P.
 18a(f).  We will liberally construe her motion as a request to review the denial of her motion to recuse; neither the rules of civil procedure nor the rules of appellate procedure suggest that we may recuse a trial judge on a motion filed in this court.

Tracy could have but did not identify the denial of her motion to recuse as an issue in her appeal from the trial court’s final decree of divorce; nor did she brief the issue.  
See
 
Tex. R. App. P.
 38.1(e), (h).  We hold that she has waived her complaint.  
See Shelton v. Sargent
, 144 S.W.3d 113, 119 (Tex. App.—Fort Worth 2004, pet. denied) (holding point may be waived because of inadequate briefing).  Accordingly, we deny her motion to recuse.

Conclusion

Having overruled Tracy’s four issues, denied her motions to strike, for sanctions, and to recuse, we affirm the judgment of the trial court.  
See 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DELIVERED:  October 6, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
One of Tracy’s issues on appeal contends that the guardian ad litem failed to discharge her duty to E. A.; we discuss that issue later in this opinion.

3:
In fact, the record suggests the very opposite.  E. A.’s guardian ad litem filed a response to Tracy’s motion for new trial in which she alleged that Tracy told her and others before trial that Kevin was not E. A.’s biological father. 

4:
The trial court ordered Kevin to pay the $7,500 to the guardian ad litem for Tracy’s share of the guardian ad litem’s fee.