534 S.W.2d 359 (1976)
C----, Appellant,
v.
C----, Appellee.
No. 18758.
Court of Civil Appeals of Texas, Dallas.
February 5, 1976.
Rehearing Denied March 4, 1976.
*360 J. Glenn Turner, Jr., James J. Hartnett, Turner, Hitchins, McInerney, Webb & Hartnett, Dallas, for appellant.
Jack C. Pate, Robert T. Baskett, Burleson, Bondies, Baldwin & Pate, Dallas, for appellee.
AKIN, Justice.
This is a contest in a divorce suit between the mother and father for managing conservatorship (custody) of their eight-year-old daughter and four-year-old son. Trial was to a jury, which found that it was in the best interests of the children that the father-appellee be appointed managing conservator. Acting on the jury verdict, the trial court rendered judgment appointing the father managing conservator. After trial the mother discharged her trial counsel and retained her present attorneys who filed a motion for new trial. As one of the grounds for a new trial, appellant's present counsel attached affidavits which portray appellee as a man of violent temper who disciplines the children harshly and cruelly. Although some, but not all, of these affiants had been called as witnesses at trial, this testimony had not been elicited from them. Notwithstanding these affidavits, the trial court overruled the motion for new trial. The mother appeals. We reverse and remand because we conclude that the trial court abused its discretion in denying a new trial.
*361 In an action involving custody, the children are real parties in interest. This is because the controlling factor is the best interests of the children. E. g., Ponder v. Rice, 479 S.W.2d 90, 94 (Tex.Civ.App.Dallas 1972, no writ); Conley v. St. Jacques, 110 S.W.2d 1238, 1241 (Tex.Civ.App. Amarillo 1937, writ dism'd). Appellant argues that material evidence bearing on the issue of the best interests of the children was omitted at trial, but admits that her former counsel failed to offer it. Appellee contended in the trial court, as he does here, that consequences for error of counsel must be assigned to the party litigant. In support of his position, appellee cites In re Y, 516 S.W.2d 199 (Tex.Civ.App.Corpus Christi 1974, writ ref'd n. r. e.). In that case the father sued for change of custody, alleging changed conditions materially affecting the children. The jury found for the father who was accordingly awarded custody. On appeal, the mother complained that she had engaged an attorney who was inexperienced in the area. She alleged that her attorney had failed to make objections when necessary and failed to fully set forth evidence favorable to her position. Her attorney admitted in his motion for new trial that his strategy had been ineffective and that if he had properly presented the evidence a different jury verdict would probably have resulted. In holding that this was not a ground for new trial, the court stated: "Inexperience with the courts or negligence or mistake of one's own attorney is not a ground for a new trial." Id. at 206. The court concluded: "It was incumbent upon the mother to show that without any fault of her own, she was not afforded an opportunity to present her new evidence." Id. In support of this holding, the court cited several cases not involving the custody of minor children. In reaching this conclusion, the Corpus Christi court adhered to the traditional requisites of the granting of a new trial on the basis of newly discovered evidence. Id. at 205-206. None of the evidence proffered in In re Y showed that the conduct of the father complained of in the motion for new trial directly affected the children.
Although we might have reached the same result as the Corpus Christi court on the facts in that case, we conclude that the ordinary rules restricting the granting of a new trial for newly discovered evidence should not be applied rigidly in child custody proceedings. In such cases the children are the primary parties in interest, and they are rarely represented by counsel. Counsel for the contending parents cannot always be relied upon to protect the interests of the children because the parents often attempt to promote their own interests and vindicate their own asserted rights rather than to protect the children's interests. Anderson v. Martin, 257 S.W.2d 347, 353 (Tex.Civ.App.-Amarillo 1953, writ ref'd n. r. e.). Consequently, the court's duty to protect the children's interests should not be limited by technical rules. See Leithold v. Plass, 413 S.W.2d 698, 701 (Tex.1967); Brillhart v. Brillhart, 176 S.W.2d 229, 230 (Tex.Civ.App.-Amarillo 1943, writ ref'd w. o. m.). Pertinent facts which may directly affect the interests of the children should be heard and considered by the trial court regardless of the lack of diligence of the parties in their presentation of information to the court. Cf. Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580, 581 (1927); Person v. Person, 172 La. 740, 135 So. 225, 227 (1931); Annot., 9 A.L.R.2d 623, 634 (1950).
On motion for new trial the court has discretion to grant the motion if it finds that the interests of the children have not been fully protected. We hold that in an extreme case, if the evidence is sufficiently strong, failure to grant the motion may be an abuse of that discretion.[*]
Accordingly, we have examined the affidavits in support of the motion for new *362 trial to determine whether the trial court abused its discretion in refusing to grant a new trial. We cannot escape the conclusion that the court should have granted the motion. For example, one affiant told of appellee's erratic behavior in disciplining the children and of his violent temper. Appellant's sister related an incident in which appellee whipped his son who was then two years old for soiling his diapers, screamed at the boy that he was a "pig" and put him in the rear yard. This affiant further swore that, one year earlier when respondent's son did not eat his dinner, the respondent grabbed him by the elbows and screamed that he was going to kill him. Another averred that she had seen appellee strike his young son so severely that the child was bruised. In yet another instance, appellee struck his daughter in the nose causing it to bleed. None of these facts pertaining to appellee's violent temper or to his harsh treatment of the children had been presented to the jury. Furthermore, the juvenile investigator's report shows that letters written by appellee's suggested character references mentioned appellee's violent temper. Although we do not suggest that these letters were admissible, they present the likelihood that important additional evidence was available. With these facts before the court on motion for new trial, we hold that the trial court abused its discretion in overruling the motion.
Our holding in this case should not be interpreted as meaning that the court must grant a new trial whenever the losing party brings forth new evidence bearing on the issue of the best interests of the children. No abuse of discretion is shown unless the evidence presented in support of the motion, and not offered at the original trial, strongly shows that the original custody order would have a seriously adverse effect on the interest and welfare of the children, and that presentation of such evidence at another trial would probably change the result. We conclude that the evidence disclosed by the affidavits in the present case is of that character.
Neither do we hold that the trial court must necessarily grant the motion on the basis of affidavits without hearing the evidence from the witnesses. Of course, the court may, in the exercise of its discretion, require that the witnesses give their testimony in person and be subjected to cross-examination before the court decides whether a new trial should be ordered. Or, it may decide to hear further evidence on the ground that the facts stated in the affidavits are not strong enough to justify a new trial. It should not, however, in such a case as this, refuse to consider the evidence on the ground that the party tendering it had not been diligent in presenting it. To permit the future of the children to be determined by lack of diligence of one of the parties would ignore the court's primary responsibility to protect the children and make its decision in their best interests.
Reversed and remanded.
NOTES
[*] The court also has discretion to appoint a guardian ad litem or an attorney whenever it discovers that the interests of the children are not being fully protected by counsel for the parents. Tex. Family Code Ann. § 11.10(a)(c) (Vernon Supp.1975).