**Hector LOPEZ, Appellant,**

**v.**

**Lucy Jane LOPEZ, Appellee.**

**No. 08–85–00335–CV.**

Court of Appeals of Texas, El Paso.

Dec. 31, 1986.

Rehearing Denied Feb. 25, 1987.

## OPINION

WOODARD, Justice.

■ Custody of minor children was awarded to Appellee in a jury trial. A guardian ad litem had been appointed by the court's master to represent the interests of the children prior to trial. He was not present at the trial. Appellant moved for a new trial because of the absence of the guardian ad litem. The new trial was denied, and now the sole point of error is whether the trial court abused its discre-

tion in so denying. We affirm the trial court's judgment.

Section 11.10, Tex.Fam.Code (Vernon 1986), states:

(a) In any suit in which termination of the parent-child relationship is sought, the court or a master shall appoint a guardian ad litem to represent the interests of the child .... In any other suit under this subtitle, the court or a master *may* appoint a guardian ad litem. [emphasis added.]

(c) The court *may* appoint an attorney for any party in a case in which it deems representation necessary to protect the interests of the child who is the subject matter of the suit. [emphasis added.]

Both subsections authorize the appointment of an attorney or guardian ad litem. However, the language of the statute is merely permissive in all situations except termination of parental rights. Since this case did not involve termination of parental rights, there was no affirmative duty to appoint a guardian ad litem.

■ In this case, the guardian ad litem interviewed the children on at least six occasions, filed a report and made a recommendation. The trial judge determined the ad litem's presence was not necessary since he could add nothing further to the background of the case.

"A guardian acts ... as an arm or officer of the court, from which it follows that the office or trust is administered under judicial control, and the guardian may be regulated and controlled in the management and disposition of the property and person of the ward." 39 Am.Jur.2d sec. 62 at 56 (1968).

Appellant asserts that the court's action in not requiring the ad litem's presence at trial was an abuse of discretion. His reasoning seems to indicate that once an ad litem is appointed under Section 11.10, he must be allowed to represent the children to the suit's conclusion. Appellant then cites two Courts of Appeals cases to support his theory. Both of these cases are easily distinguishable on their facts. In *C___ v. C___*, 534 S.W.2d 359 (Tex.Civ.

App.—Dallas 1976, writ dism'd), the appellate court reversed the trial court, finding an abuse of discretion in the denial of a new trial because the allegation set out in the affidavits attached to the motion were never raised at trial. "On motion for new trial the court has discretion to grant the motion if it finds that the interests of the children have not been fully protected. We hold that in an extreme case, if the evidence is sufficiently strong, failure to grant the motion may be an abuse of that discretion." Id. at 361. The court then explains that the trial court, while not required to grant a new trial whenever the losing party brings forth new evidence bearing on the issue of the best interests of the children, must not refuse to consider the new evidence on the ground that the party tendering it had not been diligent in presenting it. Id. at 362. In the case at hand, no new evidence was presented at the hearing on the motion for new trial that had not already been litigated. Thus, the trial court's overruling of Appellant's motion for new trial was not an abuse of discretion under *C___ v. C___*, supra.

Appellant also relies upon *Sisk v. Duck*, 593 S.W.2d 416 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Reliance on this case is totally misplaced. That case involved the termination of both parents' rights to the minor child involved. The court found that although an ad litem had been appointed in Harris County, no ad litem was appointed in Brazoria County where the suit was finally litigated. The court determined that the child's interests were not adequately represented in the Brazoria County suit and remanded the case. These facts are easily distinguishable from those at issue here. No termination of parental rights was sought by either party; therefore, the mandatory language of Section 11.10(a) is not applicable. Point of Error No. One is overruled.

The judgment of the trial court is affirmed.