Opinion issued April 9, 2009









Opinion issued April 9,
2009

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00198-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RITU SINGH, Appellant

 

V.

 

RAJIV SINGH, Appellee

 

 



On Appeal from the 312th District Court

Harris County, Texas

Trial Court Cause No. 2006-36005

 



MEMORANDUM OPINION

Appellant Ritu Singh (“Ritu”)
appeals from the final judgment of a divorce proceeding ending her marriage to
appellee Rajiv Singh (“Rajiv”).  Ritu complains that (1) Rajiv’s pleadings and
the evidence were insufficient to support the trial court’s decision to name Rajiv
as their children’s primary conservator; (2) the trial court failed to
accomplish a just and right division of the marital estate; (3) the trial
court’s findings of fact and conclusions of law were insufficient to support
the judgment; and (4) the trial court abused its discretion in denying Ritu’s motion
for continuance and motion for new trial.  Finding no error, we affirm.

Background

Rajiv and Ritu married in
1993.  The parties have two minor children together.  During the marriage, Rajiv
was employed full-time as partner in a small business.  For all but three years
of the parties’ marriage, Ritu did not work outside of the home, and she was
not employed at the time of the divorce. 

Rajiv filed for divorce on
June 13, 2006.  Six months later, Ritu filed a counter-petition.  While the
divorce proceeding was pending, Ritu lived in the parties’ Pasadena residence,
while Rajiv prepared to put it on the market for sale to offset some of the
marital estate’s substantial debt.  In the summer of 2007, Rajiv made a
unilateral decision to remove the children from the private school they had
been attending, moved them from the Pasadena home to his home in Fort Bend County, and enrolled them in the Fort Bend public school system at the start of the
new school year.  In the meantime, Ritu had liberal visitation of the children at
mutually agreed-upon times. 

In July of 2007, Ritu’s former
counsel moved to withdraw from representation.  In conjunction with that
motion, counsel filed a second motion for continuance on behalf of Ritu, asking
the court to grant her time to find new counsel.  The trial court granted the
request and continued the trial to November 12, 2007.  

On the trial date, Ritu
appeared before the trial court pro se to request a third continuance for
additional time to retain counsel.  The trial court denied this motion and
proceeded to trial.  

At trial, Rajiv submitted
oral and written evidence, including an inventory and appraisements of the
parties’ assets and debts.  Ritu declined to introduce any evidence or make any
objections to Rajiv’s testimony or evidence.  

The trial court signed
the divorce decree on December 5, 2007.  The decree designated the parents as
joint managing conservators and gave Rajiv, as primary conservator, the
exclusive right to determine the primary residence of their children.  The
trial court also awarded Rajiv $556,000 of the $585,000 total gross value of
the community estate.  At the same time, the trial court ordered that Rajiv was
responsible for $508,657 of the debt held by the estate.  Ultimately, the trial
court’s division awarded Rajiv 45% and Ritu 55% of the net value of the community
estate.  

Ritu secured counsel and
moved for new trial.  The trial court heard the motion and denied it on February
21, 2008.  

DISCUSSION

Conservatorship and
Division of Property

Ritu contends the trial court erred in its
appointment of Rajiv as the children’s primary managing conservator as well as
in its division of the parties’ community property, challenging both the
sufficiency of the evidence and the trial court’s exercise of discretion.

Standard of Review

In family law cases, we review issues concerning conservatorship and property division for abuse of
discretion.  Grayson v. Grayson, 103 S.W.3d 559, 561 (Tex. App.—San
Antonio 2003, no pet.); see also Schlueter v. Schlueter, 975 S.W.2d 584,
589 (Tex. 1998) (recognizing trial court is afforded wide discretion in
dividing marital estate).  Under an abuse of
discretion standard, legal and factual insufficiency are not independent
grounds of error, but rather are relevant factors in assessing whether the
trial court abused its discretion.  Stamper v. Knox, 254 S.W.3d 537, 542
(Tex. App.—Houston [1st Dist.] 2008, no pet.).  The trial court does not abuse
its discretion as long as some evidence of a substantive and probative
character exists to support the trial court’s decision.  Id. In a
sufficiency review, appellate courts apply a hybrid analysis because the sufficiency-of-the-evidence
and abuse-of-discretion standards of review often overlap in family law cases. 
 Id.

Within this overarching standard, we
engage in a two-pronged inquiry to determine whether the trial court (1) had
sufficient information on which to exercise its discretion and (2) erred in its
application of discretion.  Id.  The traditional sufficiency review
comes into play in addressing the first question.  Id.  When conducting
a legal-sufficiency review, we determine whether the evidence would enable
reasonable people to reach the judgment being reviewed.  Id. (citing City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).  We consider
favorable evidence if a reasonable fact finder could, and we disregard contrary
evidence unless a reasonable fact finder could not.  Stamper, 254 S.W.3d
at 542.  In a factual
sufficiency review, we consider all the evidence supporting and contradicting
the finding.  Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).  We set aside the finding only if the finding is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  See
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 
With regard to whether the trial court abused its discretion, we determine
whether, based on the elicited evidence, the trial court made a reasonable
decision.  Stamper, 254 S.W.3d at 542.  

Conservatorship

Ritu contends that the
evidence is legally and factually insufficient to support the trial court’s finding
that it was in the best interest of the children to appoint Rajiv as primary joint
managing conservator with the exclusive right to establish their primary
residence.  It is a rebuttable presumption that the appointment of the parents
as joint managing conservators is in the best interest of their child.  Tex. Fam. Code Ann. § 153.131(b)(1)
(Vernon 2008).  In appointing joint managing conservators, the court shall
designate the conservator who has the exclusive right to determine the primary
residence of the child.  Id. § 153.134(b)(1).  The best interest of
the child is always the primary consideration in determining conservatorship.  Id. § 153.002.  Because the trial court faced the parties and their
witnesses, observed their demeanor, and evaluated the claims made by each
parent, it is in a better position to determine what will be in the best
interest of a child.  In re Marriage of Jeffries, 144 S.W.3d 636, 638–39
(Tex. App.—Texarkana 2004, no pet.).[1]

The record shows that the
children had been living with Rajiv in Fort Bend County since August of 2007,
and that they attend school in the Fort Bend Independent School District.  The
trial court heard evidence that the children were happy in their new school and
that Ritu visited them regularly.  No evidence suggests that placing the
children with Rajiv would be detrimental to their interest.  This evidence is
sufficient to allow a reasonable people to find that it would be in the best
interest of the children to designate Rajiv as primary managing conservator
with the exclusive right to determine the children’s primary residence. 
Additionally, given that Ritu produced no evidence to the contrary, the trial
court’s finding is not against the overwhelming weight of the evidence as to be
clearly wrong and unjust.  The trial court had sufficient facts on which to
exercise its discretion and made a reasonable decision based on those facts. We therefore hold that the trial court did not abuse its
discretion in appointing Rajiv as primary joint managing conservator with the
exclusive right to determine the children’s primary residence.

Property Division

Ritu next contends that there was
insufficient evidence to support a just and right property division and that
the trial court abused its discretion in the just and right division. 
Specifically, Ritu argues that the property division was an abuse of the trial
court’s discretion because the Court did not have adequate information to
support its judgment.

In a decree of divorce or annulment, the
court shall order a division of the estate of the parties in a manner that the
court deems just and right, having due regard for the rights of each party and
any children of the marriage.  Tex. Fam. Code Ann. § 7.001 (Vernon 2006).  It is the responsibility of the
parties to the suit to produce evidence of the value of various properties in
order to provide the trial judge with a basis on which to make the division.  Wallace
v. Wallace, 623 S.W.2d 723, 725 (Tex. Civ. App.—Houston [1st Dist.] 1981,
writ dism’d).  The party complaining of the trial court’s division of the
property must be able to demonstrate from the record that the division is so
unjust and unfair as to constitute an abuse of discretion.  Id.

The trial court admitted into evidence Rajiv’s
inventory list assigning values to various assets and liabilities and his
proposed property division, as well as his testimony regarding the parties’ assets
and liabilities, which the trial court used as the basis for its judgment.  Ritu did not object to Rajiv’s
evidence, declined to ask him any questions, and did not offer any evidence of
her own to controvert the values provided in the inventory list.  Because Ritu
did not dispute the evidence concerning the value of
the community estate in the trial court, she waived any appellate complaint that
the trial court lacked sufficient information to make its decision.  See
Vannerson v. Vannerson, 857 S.W.2d 659, 670 (Tex. App.—Houston [1st Dist.]
1993, writ denied) (“Where an appellant does not provide values on any of the
property to the trial court, he cannot on appeal complain of the trial court's
lack of complete information in dividing that property.”); see also
LeBlanc v. LeBlanc, 761 S.W.2d 450, 453 (Tex. App.—Corpus Christi 1988), aff’d,
778 S.W.2d 865 (Tex. 1989).

The evidence presented by Rajiv is
sufficient to support the trial court’s findings of fact and conclusions of law,
and, in light of the available evidence, it did not make an unreasonable
decision regarding the division of property.  We therefore hold that the trial
court did not abuse its discretion in its division of the community estate.

Denials of Motion for Continuance and Motion for New Trial

Ritu contends the trial
court abused its discretion in denying her motion for continuance and motion for
new trial.  We review denials of a motion for continuance and a motion for new trial
for abuse of discretion.  In re R.R., 209 S.W.3d 112, 114 (Tex. 2006); Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986).  A trial court abuses its discretion when it acts in an
arbitrary and unreasonable manner or when it acts without reference to any
guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241–42 (Tex. 1985).  

Under the
abuse of discretion standard, we view the evidence in the light most favorable
to the trial court’s actions and indulge every presumption in favor of the
judgment.  Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st
Dist.] 1993, writ denied). Even if the reviewing court would have decided
the issue differently, it cannot disturb the trial court’s decision unless it
is shown to be arbitrary and unreasonable.  Walker v. Packer, 827
S.W.2d 833, 839–40 (Tex. 1992).  If some probative and substantive evidence
supports the order, there is no abuse of discretion.  Whitworth v. Whitworth,
222 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Motion for
continuance

Ritu asserts that the
trial court abused its discretion in denying her third motion for continuance,
claiming that, based on the totality of the circumstances, sufficient facts
existed to require the continuance. 

A motion for continuance
may not be granted “except for sufficient cause supported by affidavit, or by
consent of the parties, or by operation of law.”  Tex. R. Civ. P. 251; O’Connor v. O’Connor, 245 S.W.3d
511, 516 (Tex. App.—Houston [1st Dist.] 2007, no pet. h.).  Absence of counsel,
standing alone, is not good cause for a continuance.  Tex. R. Civ. P. 253; O’Connor, 245 S.W.3d at 516.  When
withdrawal of counsel is the ground for continuance, the movant must show that
failure to be represented by counsel at trial was not due to his own fault or
negligence.  Villegas, 711 S.W.2d at 626.

Ritu does not make any
such showing.  The trial court had granted two prior continuances at Ritu’s
request.  The second, granted in tandem with Ritu’s prior attorney’s motion to
withdraw, continued the trial setting for nearly four months.  Compare id.  (holding
that trial court abused its discretion in refusing to continue case where,
through no fault of appellant, counsel withdrew two days before trial).  In the
hearing on Ritu’s third motion for continuance, Ritu explained that she did not
obtain counsel during that period because of opposing counsel’s two-month delay
in responding to her correspondence, and because she could not pay an attorney.[2] 
This explanation is insufficient to demonstrate that Ritu acted diligently in
seeking counsel.  Based on the facts presented, we hold that the trial court
did not abuse its discretion in denying Ritu’s motion for continuance.  

Motion for new trial

Ritu’s complaint
concerning the denial of her motion for new trial also fails.  Ritu likens her
case to C. v. C., 534 S.W.2d 359, 361 (Tex. App.—Dallas 1976, writ
dism’d), in which the court of appeals held that failure to grant a motion for
new trial may be an abuse of discretion when the evidence presented is
sufficiently strong.  Id.  In C. v. C., the court, citing
affidavits in support of the mother’s motion for new trial that showed the
father had a violent temper and had treated his children harshly, held that the
trial court abused its discretion.  Id.

Here, in contrast to the
record in C. v. C., nothing in this record indicates that the trial
court’s custody order has had any adverse effect on the children.  See id. 
In her affidavit in support of her motion for new trial, Ritu complains that
the court heard “nothing of our lives or how the boys are cared for,” but does
not state any facts that bear negatively on the children’s care or well-being
while in Rajiv’s custody.  The trial court thus did not abuse its discretion in
overruling Ritu’s motion for new trial.

Sufficiency of the Pleadings

Finally, Ritu contends that Rajiv’s
pleadings were legally insufficient.  To preserve a complaint regarding the
adequacy of pleadings in a non-jury case, an objection must be made in writing
and presented to the trial court before the judgment is signed.   Tex. R. Civ. P. 90; In re A.C.S.,
157 S.W.3d 9, 18 (Tex. App.—Waco 2004, no pet.).  The record reveals that these
complaints were not properly preserved at trial.  Thus, they are waived on appeal. 
See Tex. R. App. P. 33.1.

CONCLUSION

We hold that the trial
court did not abuse its discretion in naming Rajiv as primary managing
conservator with the exclusive right to determine the children’s primary
residence or in dividing the marital estate.  We further hold that the trial
court acted within its discretion in denying Ritu’s motion for continuance and
motion for new trial.  We therefore affirm the judgment of the trial court.

 

                                                Jane
Bland

                                                Justice

 

Panel consists of Judges Taft, Bland,
and Sharp.

 









[1] A
non-exhaustive list of factors courts may examine in determining the best
interest of a child include: (1) the desires of the child; (2) the emotional
and physical needs of the child now and in the future; (3) the emotional and
physical danger to the child now and in the future; (4) the parental abilities
of the individual seeking custody; (5) the programs available to assist the
individual; (6) the plans for the child by the parent and the individual
seeking custody; (7) the stability of the home; (8) the parent’s acts or
omissions that indicate that the existing parent-child relationship is not a
proper one; and (9) any excuse for the parent’s acts or omissions.  Holley
v. Adams, 544 S.W.2d 367, 371–72 (Tex. 1976).  A trial court may also consider
“any other relevant factor” in its determination.  Tex. Fam. Code Ann. § 153.134(7) (Vernon 2008).  A court
is required to apply the Holley factors in examining whether termination
of a parent’s rights is in the best interest of the child.  See Vasquez v.
Tex. Dep’t of Prot. & Reg. Servs., 190 S.W.3d 189, 196 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing Holley, 544 S.W.2d at 371–72). 
No such requirement exists, however, when—as here—the court is deciding primary
managing conservatorship and neither parent’s fitness is at issue.





[2]
At the hearing on the motion for new trial,
Ritu’s counsel conceded that Ritu held an account with more than $10,000.00.