Opinion filed August 13, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 13,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00356-CV

                                                       ________

 

                             IN
THE INTEREST OF D.G.G., A CHILD

 



 

                                         On
Appeal from the 326th District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 39,230-C

 



 

M
E M O R A N D U M   O P I N I O N

This
is a child custody dispute.  The trial court appointed appellant and appellee
joint managing conservators of their son, D.G.G., and granted appellee the
exclusive right to designate D.G.G.=s
primary residence within Taylor County.  Appellant challenges this ruling.  We
affirm.

Background
Facts

Appellant
and appellee had been married for about nine years when appellant filed suit
for divorce.  They had two boys together, and appellant was their primary
caretaker.  While the suit for divorce was pending, their youngest child,
B.I.G., contracted a fatal lung infection and died.  Questions were raised
concerning appellant=s
parenting.  B.I.G. had complained of a stomach ache for approximately a week
before his death, but a thorough CPS investigation determined that appellant
did not act negligently. 








Issues
on Appeal

Appellant
raises two issues on appeal.  First, she complains that the trial court abused
its discretion because giving appellee the exclusive right to designate D.G.G.=s primary residence was not
in the child=s best
interest.  Second, she contends that the trial court abused its discretion by
overruling her motions to reopen evidence, for a new trial, to stay judgment
pending appeal, and for temporary orders.

Exclusive
Right to Designate Child=s
Primary Residence

Review
of the trial court=s
decision giving appellee the right to determine D.G.G.=s primary residence is limited to whether the
trial court abused its discretion.  Turner v. Turner, 47 S.W.3d 761, 763
(Tex. App.CHouston
[1st Dist.] 2001, no pet.).  The trial court is given wide latitude in deciding
custody issues.  Peña v. Peña, 8 S.W.3d 639 (Tex. 1999); Turner,
47 S.W.3d 761, 763.  A trial court=s
decision can only be set aside if it acted in an arbitrary and unreasonable
manner or acted without reference to any guiding principles.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).

The best
interest of the child is always the overriding principle in any suit affecting
the parent-child relationship.  Tex.
Fam. Code Ann. ' 153.002 (Vernon 2008); Allen v.
Mancini, 170 S.W.3d 167 (Tex. App.CEastland
2005, pet. denied).  The Texas Supreme Court has identified a non-exhaustive
list of factors that trial courts should consider in making a best-interest
determination.  Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976) (listed
factors include:  stability of the home or proposed placement, parental
abilities of the individuals seeking custody, and acts or omissions of the
parent that may indicate that the existing parent-child relationship is not a
proper one); see also Tex. Fam.
Code Ann. ' 153.134
(Vernon 2008) (identifying best-interest factors to consider when designating
which conservator has the exclusive right to determine the child=s primary residence).








Appellant
argues that the trial court abused its discretion because appellee had a
historic pattern of putting his wants ahead of his child=s needs and because appellant had been
D.G.G.=s primary caretaker.  Appellant
asserted appellee=s
inappropriate priorities were evidenced by his extramarital affairs.  Appellee
admitted to having two affairs but denied a third.  Appellant also pointed to
appellee=s financial decisions.  Appellee drove
a well-equipped 2001 Dodge Ram Sport while she drove the family in a 1992 Ford
Explorer that was in constant need of repair.  Appellee had a racing-style
motorcycle that he had rebuilt twice and had purchased and spent money on two
project cars only to sell them at a loss later.  She also feared that appellee
would be deployed and be unable to take care of D.G.G.  Appellee is in the Air
Force and had been deployed twice for four to six months in the three years
prior to trial.

Appellee used
pictures of the house to demonstrate appellant=s messy housekeeping.  Appellee
questioned appellant=s parenting skills
and her ability to be a good role model by introducing evidence of several lies
that appellant circulated to friends.  Appellant lied about having a baby girl
die in a fire.  She lied about having a baby girl die from cancer.  Appellant=s friend, Jaqueline Andrews, testified
that she even emailed appellee and suggested that appellant needed counseling
to help with her lying.  Testimony by neighbors indicated that D.G.G. often
played outside while appellant stayed home with the door shut.  Appellee also
presented evidence of two medical emergencies that appellant arguably
mismanaged.  Appellant delayed in taking D.G.G. to the doctor after he broke
his arm, even though the doctor=s visit would
have been free since appellee was in the military, because she believed it was
a sprain.  B.I.G. suffered for an extended period of time before he died from
an acute lung infection.  D.G.G. told CPS that he did not know how long B.I.G.
had complained of a stomach ache, but he knew B.I.G. had woken up in the middle
of the night crying because of the pain.  Finally, the trial court had evidence
that appellant had a daughter from a prior marriage but had only a minimum
relationship with this child.

Appellant
does not persuade us that the trial court ignored the best-interest standard
and acted unreasonably when it chose appellee as the parent to designate D.G.G.=s primary residence. The trial court
was presented with conflicting testimony concerning the parties= parenting abilities.   Both parties
introduced testimony that they were good parents, and both attacked the
parenting skills of the other.  Because the trial court determines the
credibility of the testimony, we will not second-guess its judgment.  Canal
Ins. Co. v. Hopkins, 238 S.W.3d 549, 557 (Tex. App.CTyler 2007, pet. denied) (the
factfinder is free to believe one witness and disbelieve another, and reviewing
courts may not impose their own opinions to the contrary).  Based on the
record, it was not unreasonable for the trial court to find that granting
appellee the exclusive right to designate the primary residence was in D.G.G.=s best interest.  Appellant=s first issue is overruled.








Motion for
New Trial

The trial
court=s decision not to grant appellant=s posttrial motions is reviewed for an
abuse of discretion.  In re Marriage of Edwards, 79 S.W.3d 88, 102 (Tex.
App.CTexarkana 2002, no pet.).  Generally,
if some evidence supports the trial court=s decision, then it did not act
unreasonably.  Id.  On review, every reasonable presumption will be made
in favor of the trial court.  Id.  No abuse of discretion is shown
unless the evidence presented in support of the motion and not offered at the
original trial strongly shows that the original custody order would have a
seriously adverse effect on the interest and welfare of the child and that
presentation of this evidence at another trial would probably change the
result.  C. v. C., 534 S.W.2d 359, 361 (Tex. Civ. App.CDallas 1976, writ dism=d).

Appellant
filed a motion to reopen evidence and a motion for new trial based on events
that occurred in the final days of the divorce hearing.  Appellee took D.G.G.
to play with a friend.  This friend was D.G.G.=s age (D.G.G. was eight years old at
the time of trial), and D.G.G. had played with him the previous summer. 
Appellee left the boys unattended while he took a phone call.  When he
returned, appellee found the boys coming out of a closet where they had kissed
each other=s privates.  Appellant claims that
appellee was irresponsible for leaving the boys together because he had been
told the day before that the playmate Aacted out@ on a four-year-old child.  Appellant
alleges appellee knew Aacted out@ meant sexual molestation.  Appellant
also contends that appellee handled the situation poorly by yelling at the boys
and scaring D.G.G.

Appellant
acknowledges that she knew of the incident prior to learning of the trial court=s ruling but contends that she did not
bring it to the trial court=s attention
on the advice of counsel.  The trial court advised the parties of its ruling by
letter, and appellant retained new counsel and filed her posttrial motions. 
The trial court conducted an evidentiary hearing and then  denied appellant=s motions.








The trial
court did not abuse its discretion.  The trial court could reasonably conclude
that this incident did not compromise its judgment that it was in D.G.G.=s best interest to have appellee
designate his primary residence.  D.G.G. had played with this friend without
incident the previous summer while in appellant=s custody, appellee watched them play
the day before, and he noticed nothing inappropriate this day.  Appellee=s decision to take a phone call and to
leave the boys unattended could be characterized as no more than a brief
oversight.  Moreover, the evidence indicates that appellee responded
appropriately.  He notified appellant immediately and contacted CPS, and D.G.G.
and appellee went to four or five counseling sessions beginning the next day. 
This same counselor had begun these sessions with D.G.G. before he testified at
trial that both appellant and appellee were good parents.  Appellant argues in
her brief that the incident would change this therapist=s opinion of appellee=s parenting skills, but appellant
offered no evidence at the posttrial hearing of how this was possible.  The
trial court had wide latitude in deciding whether appellant=s motions were well-founded.  The trial
court did not act in an arbitrary manner and did not abuse its discretion. 
Appellant=s second issue is overruled. 

Conclusion

The judgment
of the trial court is affirmed.

 

 

RICK
STRANGE

JUSTICE

 

August 13,
2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.