## IN RE Michael CALZADIAS, Relator

### No. 07–16–00002–CV

Court of Appeals of Texas,
Amarillo.

February 1, 2016

Ronald L. Sanders, for Olesya Timofeeva.

William R. Eichman, II, pro se.

Terri M. Morgeson, for Michael Calzadias.

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

## OPINION

Mackey K. Hancock, Justice

Relator, Michael Calzadias, seeks extraordinary relief from this Court in his request that we issue a writ of mandamus directing Respondent, the Honorable William R. Eichman II, presiding judge of the 364th District Court in Lubbock County, to vacate its order granting new trial in response to the motion filed in a pending custody case by mother and Real Party in Interest, Olesya Timofeeva. We will deny his petition.

### Factual and Procedural History

Relator originally filed his original petition in a suit affecting the parent-child relationship in March 2014, concerning the two young children of Relator and Real Party in Interest. In June 2014, temporary orders were entered naming Relator and Real Party in Interest as joint managing conservators and giving Real Party in Interest the exclusive right to designate the children's primary residence within Naples, Florida, or Lubbock, Texas.

In November 2014, Relator filed a motion to modify those temporary orders. After a hearing on that motion, the associate judge granted Relator the exclusive right to designate the primary residence of the children in Lubbock, Texas, and granted Real Party in Interest standard possession. Final hearing in the matter was held March 25 and May 5, 2015. Respondent signed final judgment in the matter on June 4, 2015, in which Relator was still named as the joint managing conservator with the exclusive right to designate the children's primary residence and Real Party in Interest was given standard possession.

A little over one week later, on June 12, 2015, Relator was arrested in Lubbock following a traffic stop and a search which yielded a large amount of cash held together by a rubber band. During that interaction, it appears from the record that Relator was less than forthcoming to officers about where he lived, how long he had been living in Lubbock, to whom the vehicle he was driving belonged, and the source of the cash. Further, one of the

department's canines alerted on the driver's side door of the vehicle Relator was driving, though no drugs were found; and also alerted on the money Relator had. Relator was found to have possession of four cell phones and two hotel room keys. Relator would later acknowledge at the new trial hearing, just as he apparently did in the underlying custody case and at the scene of the arrest, that he had been arrested for drug-related activity in the past. He was arrested on suspicion of driving with a suspended license, failure to display vehicle inspection sticker, and money laundering.

Real Party in Interest filed a motion for new trial on June 30th. Hearing on that motion was held August 14 and 18, 2015. At the conclusion of the hearing, Respondent granted Real Party in Interest's motion for new trial and entered temporary orders granting custody and primary conservatorship to Real Party in Interest until final hearing could be held. The next day, the children returned with Real Party in Interest to Florida.

## Applicable Standards

### Review of New Trial Orders on Petition for Writ of Mandamus

■ Traditionally, Texas courts have expressed reluctance to interfere in matters such as this one: a merits-based review of a trial court's decision to grant a new trial. See *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 757 & n. 7 (Tex.2013) (orig.proceeding) (Texas Supreme Court taking "next step" in mandamus jurisprudence by breaking from courts' traditional reluctance to review trial court's new trial orders). After a series of cases leading up to and including *In re Toyota Motor Sales*, it is now clear that an appellate court may conduct a merits-based mandamus review of a trial court's articulated reasons for granting a new tri-

al. *See In re Whataburger Rests. LP*, 429 S.W.3d 597, 598 (Tex.2014) (orig.proceeding) (per curiam) (citing *In re Toyota Motor Sales*, 407 S.W.3d at 755–59). A writ of mandamus shall issue to correct a clear abuse of discretion committed by a trial court in granting a new trial. *Id.* A trial court does not abuse its discretion so long as its stated reason for granting a new trial is legally appropriate and specific enough to indicate that the trial court derived the reasons from the particular facts and circumstances of the case at hand. *Id.* (citing *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex.2012) (orig.proceeding)).

### Standard for New Trial on the Basis of Newly Discovered Evidence

■ Generally speaking, to be entitled to a new trial on the basis of newly discovered evidence, the movant must establish the following elements: (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex.2010).

■ However, the standard for granting a new trial based on newly discovered evidence in a suit concerning child custody has been relaxed. *See Hefley v. Hefley*, 859 S.W.2d 120, 124–25 (Tex.App.–Tyler 1993, no writ). In child custody cases, when evidence, not offered at trial but presented in support of a motion for new trial, strongly shows that the original custody order would have a serious adverse effect on the welfare of the children, and that presentation of such evidence at another trial would probably change the result, the failure to grant a new trial is an abuse of discretion. *Id.* at 125.

*Hefley,* though it has become an oft-cited source of this relaxed standard, relied heavily on *C. v. C.,* 534 S.W.2d 359 (Tex.Civ.App.–Dallas 1976, writ dismissed w.o.j.). In *C. v. C.,* the Dallas Court of Appeals explained the rationale for the relaxed standard in such cases:

> [W]e conclude that the ordinary rules restricting the granting of a new trial for newly discovered evidence should not be applied rigidly in child custody proceedings. In such cases the children are the primary parties in interest, and they are rarely represented by counsel. Counsel for the contending parents cannot always be relied upon to protect the interests of the children because the parents often attempt to promote their own interests and vindicate their own asserted rights rather than to protect the children's interests. Consequently, the court's duty to protect the children's interests should not be limited by technical rules. Pertinent facts which may directly affect the interests of the children should be heard and considered by the trial court regardless of the lack of diligence of the parties in their presentation of information to the court.

*Id.* at 361 (internal citations omitted). The Dallas court went on to hold that, "[o]n motion for new trial[,] the court has discretion to grant the motion if it finds that the interests of the children have not been fully protected" and "that in an extreme case, if the evidence is sufficiently strong, failure to grant the motion may be an abuse of that discretion." *Id.* The court was careful to delineate, however, the limitations of this relaxed standard:

> Our holding in this case should not be interpreted as meaning that the court must grant a new trial whenever the losing party brings forth new evidence bearing on the issue of the best interests of the children. No abuse of discretion

is shown unless the evidence presented in support of the motion, and not offered at the original trial, strongly shows that the original custody order would have a seriously adverse effect on the interest and welfare of the children, and that presentation of such evidence at another trial would probably change the result.

*Id.* at 362.

This Court, too, has recognized this relaxed standard applicable to child custody cases: "However, in child custody cases, it can be error to refuse to grant a motion for new trial even though the evidence is not newly discovered when there is an extreme case and the evidence is sufficiently strong." *In re M.C.W.,* No. 07–10–00055–CV, 2010 WL 5128725, at *3, 2010 Tex.App. LEXIS 10041, at *8 (Tex.App.–Amarillo Dec. 16, 2010, pet. denied) (mem. op.) (citing *In re A.G.C.,* 279 S.W.3d 441, 454 (Tex.App.–Houston [14th Dist.] 2009, no pet.)). We will approach the analysis with this standard in mind to determine whether, here, Respondent abused its discretion by granting Real Party in Interest's motion for new trial.

### Analysis

*Legally Appropriate Reasoning*

██ Only approximately one week after the trial court signed its order, Relator was arrested on the suspicion of money laundering and possible drug-related criminal activity. As Respondent noted, the criminal matter has been resolved and will not result in the prosecution of the Relator. Nonetheless, as trial judge over a pending child custody case, Respondent is charged with the duty to protect the interests of the two children subject of the underlying suit. *See* TEX. FAM. CODE ANN. § 153.002 (West 2014) ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and posses-

sion of and access to the child."); *see also Messier v. Messier*, 389 S.W.3d 904, 907 (Tex.App.–Houston [14th Dist.] 2012, no pet.) (characterizing child's best interests as "the paramount concern" in custody cases). In doing so, Respondent must consider this evidence as it relates to the children's well-being in the matter at bar.

At the hearing on the motion for new trial, Respondent heard testimony from the involved officers, Relator, and Relator's brother concerning the details surrounding Relator's arrest. Respondent acknowledged that, as a criminal matter, the evidence concerning Relator's criminal activity would likely not meet the requisite standard of proof. But Respondent was keenly aware that the issue was not before him as a criminal matter, that a lesser standard of proof applied, and that the proper focus in the family law matter was the best interest of the children:

> If I was deciding whether to take this case to prosecute [Relator], I would not take it. I'm not surprised the D.A's office didn't take it. However, based on the totality of the circumstances, based on reasonable inferences that can be made from those circumstances, if I have to determine whether more likely than not [Relator] was engaged in criminal activity, I would say he was.
>
> * * *
>
> The Court finds that more likely than not [Relator] was dealing drugs, and that is harm to the children being around someone [who]'s dealing drugs. That's what the Court finds.

Further, while the nature of the evidence concerning Relator's arrest was such that it would likely not satisfy the traditional requirements to support a new trial based on newly discovered evidence, Respondent clearly was aware of the relaxed new-trial standard in this child custody matter, having cited and discussed *Hefley* at length in his ruling, and clearly applied that relaxed standard to arrive at its ruling:

> In [*Hefley*,] even though the evidence was not available at the time of the previous trial, this was deemed newly discovered evidence. The trial court did not grant the Motion for New Trial, and it was reversed on appeal.
>
> So, it's clear to me, it's clear to the Court, that the evidence does not have to exist when the previous trial was had. This is new evidence.

*See Hefley*, 859 S.W.2d at 124–25.

Because Respondent expressly applied a legally appropriate standard in arriving at its ruling in furtherance of the discharge of its statutory duty to protect the best interest of the children whose welfare must be its paramount consideration, Respondent's ruling was based on legally appropriate reasoning. That being so, the ruling overcomes the first prong of the applicable standard for an abuse of discretion on mandamus review. *See In re Whataburger*, 429 S.W.3d at 598.

*Sufficiently Specific Reasoning*

Next, we must address the specificity consideration with respect to Respondent's ruling on Real Party in Interest's motion for new trial. That is, in determining whether Respondent abused its discretion by granting a new trial, we must consider whether its stated reasoning was specific enough that it demonstrated that the ruling was tailored from and to the facts of this case. *See id.*

Respondent gave a detailed analysis of his decision to grant a new trial in this matter. Again, after hearing fairly lengthy testimony concerning Relator's arrest, Respondent concluded that "based on the totality of the circumstances, based on reasonable inferences that can be made from those circumstances, if I have to de-

termine whether more likely than not [Relator] was engaged in criminal activity, I would say he was." Drawing upon the reasoning in *Hefley* and applying the relaxed new-trial standard from that case, Respondent later elaborated: "The Court finds that more likely than not [Relator] was dealing drugs, and that is harm to the children being around someone [who]'s dealing drugs." Respondent went on to enter temporary orders granting primary conservatorship to Real Party in Interest until such time as a final hearing may be had. From the record of Respondent's ruling, it is clear that it specifically tailored its ruling based on the evidence as presented. Respondent's ruling on the motion for new trial was sufficiently specific to the case before it such that it was not an abuse of discretion. *See id.*

### Conclusion

Having concluded that Respondent did not abuse its discretion when it granted a new trial on the Real Party in Interest's motion, we deny Relator's petition for writ of mandamus.