**AFFIRMED and Opinion Filed August 3, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00578-CV

## IN THE INTEREST OF J.A.A., A CHILD

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-05257**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Smith

Father, appearing pro se, appeals the trial court's final decree of divorce, which included custody and possession determinations regarding J.A.A., Father and Mother's minor child. In six issues, Father argues that the trial court abused its discretion in making certain factual findings, in appointing Mother sole managing conservator of J.A.A., in permanently enjoining Father from administering CBD oil with tetrahydrocannabinol (THC) to J.A.A., in granting Mother a divorce on the grounds of cruelty without also granting Father a divorce on the grounds of cruelty, and in overruling his motion for new trial. Mother did not file a brief in response. Because we overrule each of Father's issues for the reasons discussed below, we

affirm the trial court's final decree of divorce and appointment of Mother as sole managing conservator of J.A.A.

## Factual and Procedural Background[1]

Father and Mother met in 2016.  J.A.A., their daughter, was conceived shortly thereafter, and the couple married.  Father petitioned for divorce in March 2019.  Mother filed a counterpetition.  Each party sought to be appointed sole managing conservator of J.A.A.  Pending trial, the parties alternated weekly possession of J.A.A. under an agreed 50/50 arrangement.

The trial court held a final hearing on January 18, 2022, and entered the final decree of divorce on March 11, 2022.  The trial court appointed Mother as sole managing conservator and appointed Father as possessory conservator.  At Father's request, the trial court entered findings of fact and conclusions of law.

Father filed a motion for new trial, and after a hearing, the trial court denied his motion.  This appeal followed.

## Conservatorship of the Child

We will first address Father's fourth issue in which he argues the trial court abused its discretion in appointing Mother as the sole managing conservator of J.A.A.  Consumed within that issue, as well as in his second issue, is Father's challenge to certain findings of fact entered by the trial court regarding Mother's

_____

[1] The underlying facts and procedural history of this case are well known to the parties; thus, we limit our discussion of the facts to those relevant to our disposition of the issues on appeal.  *See* TEX. R. APP. P. 47.4.

–2–

appointment being in J.A.A's best interest.  Father further argues, in his third issue, that the trial court erred in failing to give weight to and protect Father's fundamental constitutional right to make decisions regarding how to rear his own child when appointing Mother sole managing conservator.

We review a trial court's conservatorship decision for an abuse of discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982).  A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).  Challenges to the legal and factual sufficiency of the evidence are not independent grounds for asserting error in conservatorship cases, but instead are relevant factors in deciding whether the trial court abused its discretion.  *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.).  To determine if an abuse of discretion occurred, we must decide whether the trial court (1) had sufficient information upon which to exercise its discretion, and (2) erred in the exercise of its discretion, i.e. failed to make a reasonable decision.  *Id.*; *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied).  A trial court does not abuse its discretion if some evidence of a substantial and probative character exists to support the trial court's decision.  *In re S.E.K.*, 294 S.W.3d 926, 930 (Tex. App.—Dallas 2009, pet. denied).

The primary consideration in determining conservatorship and possession of and access to the child is the best interest of the child.  TEX. FAM. CODE ANN.

§ 153.002. "It is a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child." *Id.* § 153.131(b). Absent an agreed parenting plan on file, "the court may render an order appointing the parents joint managing conservators only if the appointment is in the best interest of the child, considering the following factors": (1) the physical, psychological, or emotional needs and development of the child will benefit from the appointment; (2) the parents have the ability to give first priority to the welfare of the child and reach shared decisions in the child's best interests; (3) each parent can encourage and accept a positive relationship between the child and the other parent; (4) both parents participated in child rearing before the suit was filed; (5) the geographical proximity of the parents' residences; (6) the child's preference, if the child is twelve years of age or older, regarding which parent should have the exclusive right to designate the child's primary residence; and (7) any other relevant factor. *Id.* § 153.134(a); *In re M.G.*, No. 05-15-00234-CV, 2016 WL 4120030, at *5–6 (Tex. App.—Dallas July 29, 2016, no pet.) (mem. op.).

In a bench trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *In re K.L.W.*, 301 S.W.3d 423, 427–28 (Tex. App.—Dallas 2009, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005)). Because "[t]he trial court is in the best position to observe the witnesses and their demeanor . . ., [it] is given great latitude when determining the best interests of the children." *In re S.E.K.*, 294 S.W.3d at 930; *see*

*also Gillespie*, 644 S.W.2d at 451. The court's findings of facts are of the same force and dignity as a jury's verdict and, thus, are reviewable for legal and factual sufficiency of the evidence in the same manner as that of a jury's answer. *In re C.H.C.*, 392 S.W.3d 347, 349 (Tex. App.—Dallas 2013, no pet.) (op. on reh'g).

Father does not challenge the trial court's findings that he yelled at and berated Mother throughout their marriage, demanded Mother not work outside the home after J.A.A. was born, forbade Mother from having a job, locked Mother and J.A.A. out of the house in March 2019 after an argument and did not let them back in, took the child a couple days after the March 2019 argument and did not return the child within the agreed upon timeframe, told Mother she had to return to his house if she wanted to see J.A.A., harassed Mother upon her return, poured cold water on Mother's head and told her she deserved it after she returned, took Mother's phone from her, took J.A.A. out of Mother's hands and refused to let Mother see J.A.A. for several weeks, gave J.A.A. CBD products containing THC which caused J.A.A. to test positive for THC, and did not see any issue with giving J.A.A. CBD products that contained THC. Unchallenged findings of fact are binding on the appellant and the appellate court unless there is no evidence to support the finding or the contrary is established as a matter of law. *In re K.L.W.*, 301 S.W.3d at 428 (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986)).

Here, the record supports each of the trial court's unchallenged findings of fact. Although Father denied forbidding Mother to work and denied locking her out

of the home and the events that followed, the trial court was free to believe Mother and disbelieve Father as the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See City of Keller*, 168 S.W.3d at 819.

As to the section 153.134(a) factors, the evidence showed that Mother and Father did not have the ability to give first priority to the welfare of J.A.A. due to their volatile relationship and, as a result, they could not reach shared decisions that were in J.A.A.'s best interest. *See* TEX. FAM. CODE § 153.134(a)(2). There was also evidence that the parents had not encouraged a positive relationship between J.A.A. and the other parent and that they no longer lived in close geographical proximity. *Id.* § 153.134(a)(3), (5). Therefore, without considering the specific findings Father challenges on appeal, we conclude the trial court had sufficient information on which to base its decision. We further conclude that the trial court's appointment of Mother as sole managing conservator was not without reference to any guiding rules or principles and, thus was not an abuse of discretion. *See id.* § 153.134(a) (listing factors to consider when deciding whether appointing parents as joint managing conservators is in best interest of child); *In re M.G.*, 2016 WL 4120030, at *6 (relying on section 153.134(a) factors and concluding there was some probative evidence to overcome presumption that appointing parents as joint managing conservators was in best interest of child).

Furthermore, there is nothing in the record that suggests the trial court disregarded Father's constitutional right to direct the upbringing of J.A.A. when it

–6–

weighed the evidence and determined appointing Mother as sole managing conservator was in J.A.A.'s best interest. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000) (liberty interest of parents in the care, custody, and control of their children includes the right of the parents to direct the upbringing of their children); *Peck v. Peck*, 172 S.W.3d 26, 34 (Tex. App.—Dallas 2005, pet. denied) ("Every custody and visitation order limits a parent's 'rights' to some extent . . . . But Texas courts have held that applying the best-interest-of-the-child standard does not violate a parent's due process rights."). Therefore, we overrule Father's second, third, and fourth issues on appeal.

### Permanent Enjoinment

Father argues in his fifth issue that the trial court abused its discretion by permanently enjoining him from administering CBD oil with THC to J.A.A. He contends that the trial court's related findings of fact are not supported by legally or factually sufficient evidence because there was no lay or expert testimony to show that the type of CBD product, which contained non-psychoactive trace amounts of THC, that Father administered to J.A.A. harmed her. Specifically, Father challenges the trial court's findings that Father's decision to give J.A.A. CBD products was not in her best interest, products containing THC are illegal in Texas, and Father's insistence that it is fine to give J.A.A. CBD products that contain THC is not in J.A.A.'s best interest.

As with our review of the trial court's conservatorship provision, we review a permanent injunction enjoining a party from specific conduct for an abuse of discretion. *In re S.V.*, 599 S.W.3d 25, 39 (Tex. App.—Dallas 2017, pet. denied). In *Peck*, this Court concluded that the general standards applicable to permanent injunctions in civil cases (a wrongful act, imminent harm, irreparable injury, and no adequate remedy) did not apply in family law cases and that the "trial court had the discretion to impose restrictions on parents that it determined were in the best interests of the children." *In re B.H.W.*, No. 05-15-00841-CV, 2017 WL 2492612, at *8 (Tex. App.—Dallas June 9, 2017, pet. denied) (mem. op.) (citing *Peck*, 172 S.W.3d at 35); *see also In re S.V.*, 599 S.W.3d at 41–42.

Although Father is correct that there was no expert testimony presented by either party regarding the effects of the CBD oil on J.A.A. and whether such use was harmful, Mother testified that J.A.A. was very loopy and slurring her words one day when she picked J.A.A. up from Father. Mother took J.A.A. to get drug tested, and J.A.A. tested positive for THC. Thus, regardless of whether CBD oil containing THC is illegal in Texas, we cannot conclude that the trial court acted unreasonably in finding that giving J.A.A. CBD oil with THC was not in her best interest. Father's fifth issue is overruled.

**Reason for Divorce**

In his sixth issue, Father argues the trial court abused its discretion by granting Mother a divorce on the grounds of cruelty without also granting Father a divorce

on the grounds of cruelty. Father contends that the evidence showed that Mother engaged in physical, emotional, and mental cruelty against him during their marriage.

As discussed above, the trial court was the sole judge of the credibility of the witnesses and could choose to believe or disbelieve the witnesses' testimony regarding cruelty between the parties. *See City of Keller*, 168 S.W.3d at 819. The trial court's unchallenged findings that Father locked Mother out of the home, harassed her, poured cold water on her head, and yelled at and berated Mother throughout their marriage support a finding of cruel treatment by Father toward Mother. *See In re Marriage of Johnson*, No. 05-20-00517-CV, 2022 WL 123106, at *3–4 (Tex. App.—Dallas Jan. 13, 2022, no pet.) (mem. op.) (concluding evidence supported finding that husband was guilty of cruel treatment of wife where evidence showed he choked her, knocked things off the wall, broke through a door to get to her, and yelled at her when she disagreed with him). Moreover, Mother's admission that she hit Father one time while trying to escape from him does not establish that she engaged in cruel treatment toward Father, and the trial court was free to disbelieve Father's testimony and the testimony of Father's father regarding any other alleged acts of physical, emotional, or mental cruelty towards Father. Father's sixth issue is overruled.

## Motion for New Trial

In his first issue, Father argues the trial court abused its discretion in overruling his motion for new trial. He contends that it was timely under the mailbox rule and contained newly discovered evidence that showed that the original custody order would have a seriously adverse effect on the interest and welfare of J.A.A. He also asserted that the presentation of the evidence at a new trial would change the result of the custody order. Specifically, Father argued that the new evidence showed that Mother was easy to anger and prone to uncontrollable emotional outbursts, had engaged in violence against Father, had mentally and emotionally abused J.A.A., had sought to alienate J.A.A. from Father, was a pathological liar, and had engaged in criminal activity to secure sole custody of J.A.A.

We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re S.M.V.*, 287 S.W.3d 435, 451 (Tex. App.—Dallas 2009, no pet.). Although Father contends he attached newly discovered evidence to his motion for new trial, our review of his attached exhibits shows that Father was aware of, and had access to, the evidence at trial; thus, it was not newly discovered. *See id.* Our review, however, does not end there.

"[I]n matters relating to child custody, it can be error to refuse to grant a motion for new trial even though the evidence is not newly discovered, when there is an extreme case and the evidence is sufficiently strong." *Id.* (citing *C. v. C.*, 534 S.W.2d 359, 361 (Tex. App.—Dallas 1976, writ dism'd w.o.j.)). In *C. v. C.*, this

Court concluded "that the ordinary rules restricting the granting of a new trial for newly discovered evidence should not be applied rigidly in child custody proceedings." 534 S.W.2d at 361. This Court explained that "the court's duty to protect the children's interests should not be limited by technical rules" when so often the children are not represented by counsel, and the parents advance their own interests versus protecting their children's interests. *Id.*

In *C. v. C.*, the affidavits filed in support of the motion for new trial described the father having erratic behavior in disciplining his children such as "whipp[ing] his son who was then two years old for soiling his diapers, scream[ing] at the boy that he was a 'pig' and put[ting] him in the rear yard," screaming at his son that he was going to kill him after he did not eat his dinner, striking his son so severely that it left bruises, and striking his daughter in her nose causing it to bleed. *Id.* at 362. The affidavits in this case do not rise to such an alarming level of behavior.

Assuming Father timely filed his motion for new trial under the mailbox rule, *see* TEX. R. CIV. P. 5, 329b(a), we disagree that the evidence attached to his motion for new trial rose to the level of an "extreme case" and "strongly show[ed] that the original custody order would have a seriously adverse effect on the interest and welfare" of J.A.A. *C. v. C.*, 534 S.W.2d at 361–62. Much of Father's evidence concerned Mother's alleged treatment of him, not J.A.A. And there is no evidence to suggest that Mother was violent or abusive toward J.A.A. like was shown in *C. v. C.* Therefore, we cannot conclude that the nature of the evidence Father attached to

his motion was so extreme and sufficiently strong that the trial court's refusal to grant his motion for new trial was an abuse of discretion. We overrule Father's first issue.

## Conclusion

Having overruled each of Father's issues, we affirm the trial court's final decree of divorce.

/Craig Smith//

220578f.p05

CRAIG SMITH
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.A.A., A CHILD

No. 05-22-00578-CV

On Appeal from the 330th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-19-05257. Opinion delivered by Justice Smith. Justices Molberg and Carlyle participating.

In accordance with this Court's opinion of this date, the final decree of divorce entered by the trial court on March 11, 2022, is **AFFIRMED**.

Judgment entered this 3rd day of August 2023.